

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY BIERSCHENK, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:22-CV-215-Z-BR |
| JIMMY CHESHER, *et al.*, | § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Standing, and Subject Thereto, Original Answer ("Motion") (ECF No. 6), filed on December 12, 2022. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion because Plaintiff lacks capacity to maintain this action.

### BACKGROUND

This case is a dispute concerning a family farming partnership. Following years of marriage, Plaintiff began having marital problems with his then-spouse Jacque Bierschenk ("Jacque") in early 2020. ECF No. 12 at 1. Before their divorce, Jacque owned a 48.5% limited partnership interest in Chester Family, LP, and Plaintiff owned a 1% interest. ECF No. 7 at 2. Defendants are Jacque's parents Jimmy and Ineta Chesher, and Cornerstone Farm, LLC. ECF No. 12 at 1. After divorce became inevitable, Plaintiff alleges Defendants violated fiduciary duties owed to Plaintiff by unilaterally amending the Chesher Farms LP partnership agreement to devalue Plaintiff's interest in the entity and increase their own value in the entity. ECF No. 1 at 5. Additionally, Plaintiff requests the appointment of a receivership under Section 11.404(a) of the Texas Business Organizations Code. *Id.*

Defendants moved to dismiss for lack of standing or capacity under Federal Rule of Civil Procedure 17(a)(3), or in the alternative, Rule 12(b)(1) and (6). ECF No. 6 at 1.

### LEGAL STANDARD

Rule 17 recognizes that "questions about who may prosecute a case may not be simple and provides for the possibility of relief when a reasonable mistake is made." *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165 (5th Cir. 2016). Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." *In re Signal Int'l, LLC*, 579 F.3d 478, 487 (5th Cir. 2009). The Fifth Circuit has defined "the real party in interest" as "the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Id.* (internal marks omitted). Although an action must be prosecuted by the real party in interest, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3).

Under Rule 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Barnett v. Perfect Search Corp.*, No. 3:14-CV-2840-D, 2014 WL 6805529, at *1 (N.D. Tex. Dec. 3, 2014) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)).

### ANALYSIS

#### A. Plaintiff Has Standing

"Both capacity and standing are necessary to bring a lawsuit." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (internal marks omitted). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in

the controversy." *Id.* (internal marks omitted). A plaintiff lacks capacity when he "is not entitled to recover in the capacity in which he sues." *Id.* (quoting TEX. R. CIV. P. 93(2)).

Although the Motion is careful to distinguish standing and capacity, Defendants' briefing argues Plaintiff lacks both. *See, e.g.*, ECF No. 7 at 5 ("Plaintiff has no capacity, or alternatively, standing, to bring these claims."). "The basis for [the Motion] is that the claims asserted by Plaintiff are derivative claims properly the property of the limited partnership of Chesher Farms, LP, of which Plaintiff as of the time of filing his complaint is not a limited partner." ECF No. 6 at 1. This is because the entire marital interest in the business was awarded to Jacque on February 7, 2022, pursuant to the divorce decree. *Id.* at 1–2. Because Plaintiff is not a limited partner of Chester Farms, LP, Defendants argue he "lacks standing to bring claims of breach of fiduciary duty." *Id.* at 2.

The Court construes this argument as essentially a challenge to Plaintiff's capacity. Defendants concede that under Texas law, "the authority of a partner to recover for an alleged injury to the value of the interest in the partnership is not a matter of constitutional standing that implicates subject matter jurisdiction." *See* ECF No. 7 at 2–3 (quoting *Pike*, 610 S.W.3d at 755), 4 (citing cases that were "subsequently corrected by the Texas Supreme Court in *Pike* as involving capacity as opposed to subject matter jurisdiction"). In *Pike*, the Texas Supreme Court held "that a partner or other stakeholder in a business organization has constitutional standing to sue for an alleged loss in the value of its interest in the organization." 610 S.W.3d at 778; *see also Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319–20 (5th Cir. 1999) (a defendant's "incantation that a shareholder may not sue for the corporation's injury does not attack [a plaintiff's] injury in fact"). The Texas Supreme Court went on to explain that statutory provisions that define and limit a stakeholder's ability to recover certain measures of damages "go to the merits of the claim; they do not strip a court of subject-matter jurisdiction to render a take-nothing judgment if the

3

stakeholder fails to meet the statutory requirements." *Id.* In other words, "a limited partner in a partnership does indeed have constitutional standing to sue for an alleged loss in value of its interest in the partnership even if the limited partner does not have capacity to bring such a claim." *Lipshy v. Burk*, No. 05-19-00493-CV, 2020 WL 6696368, at *2 (Tex. App.—Dallas Nov. 12, 2020, no pet.) (internal marks omitted).

Here, Plaintiff has sufficiently pled an injury-in-fact. Although it is true Plaintiff is a *former* limited partner, the Court does not accept this fact as divesting it of subject-matter jurisdiction. Rather, this fact goes to capacity. Accordingly, Plaintiff has standing.

### B. Plaintiff Lacks Capacity

Ordinarily, "the cause of action for injury to the property of a corporation, or the impairment or destruction of its business, is vested in the corporation." *Pike*, 610 S.W.3d at 775 (internal marks omitted). "A corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong in the form of reduced stock value, because all stockholders will be made whole if the corporation obtains compensation." *Id.* (internal marks omitted). Whether a claim brought by a partner actually belongs to the partnership is "a matter of capacity because it is a challenge to the partner's legal authority to bring the suit." *Id.* at 779 (internal marks omitted).

Plaintiff advances three different theories under which he has capacity to bring this suit. First, Plaintiff argues he has capacity under Section 153.402 of the Texas Business Organizations Code. ECF No. 12 at 2. Second, Plaintiff argues "a certain type of fiduciary action" may be asserted where there is fraud during the pendency of a divorce. *Id.* at 3. And third, Plaintiff argues he has capacity because the destruction of his limited partnership status was involuntary. *Id.* at 4. The Court will explain why each theory fails.

1. Statutory capacity

The core of parties' capacity dispute rests on competing interpretations of Section 153.402(a) of the Texas Business Organizations Code.[1] This statute provides that "a limited partner" may not institute or maintain a derivative proceeding unless:

(1) the limited partner:

(A) was a limited partner of the limited partnership at the time of the act or omission complained of; or

(B) became a limited partner by operation of law originating from a person that was a limited partner or general partner at the time of the act or omission complained of; and

(2) the limited partner fairly and adequately represents the interests of the limited partnership in enforcing the right of the limited partnership.

TEX. BUS. ORGS. CODE § 153.402(a). Plaintiff argues the statute "specifically provides" him a cause of action because he "was a limited partner of the limited partnership at the time of the act or omission complained of" under Section 153.402(a)(1)(A). ECF No. 12 at 2. Defendants argue that because Section 153.402(a) refers to "a limited partner," the statute means Plaintiff must *be* a limited partner and must also *have been* a limited partner when the act complained of happened. ECF No. 13 at 3.

The weight of the authority supports Defendants' interpretation. *See, e.g.*, *Cohen v. Flat Stone Dev. Co., Inc.*, No. 4:16-CV-00283, 2018 WL 11312999, at *2 (S.D. Tex. Oct. 5, 2018)

---

[1] "When capacity is contested, [Texas Rule of Civil Procedure] 93(2) requires that a verified plea be filed anytime the record does not affirmatively demonstrate the plaintiff's right to bring suit in *whatever* capacity he is suing." *Pike*, 610 S.W.3d at 779 (internal marks omitted). Absent such a plea, "just how the plaintiff acquired the cause of action is not before the Court." *Id.* (internal marks omitted). Defendants have not provided a verified plea. However, Federal Rule of Civil Procedure 11(a) generally establishes that "a pleading need not be verified or accompanied by an affidavit." Thus, "state rules requiring verified pleadings, such as [Rule 93] . . . are wholly inapposite." *Follenfant v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966).

("The plaintiff must be a limited partner when the action is brought and must have been a limited partner at the time of the transaction that is the subject of the action."); *see also Wesolek v. Layton*, 914 F. Supp. 2d 853, 862 n.33 (S.D. Tex. 2012); *Shurberg v. La Salle Indus. Ltd.*, No. 04-15-00320-CV, 2016 WL 1128291, at *6 (Tex. App.—San Antonio Mar. 23, 2016, no pet.). *But see Inge v. Walker*, No. 3:16-CV-0042-B, 2017 WL 4838981, at *2 n.2 (N.D. Tex. Oct. 26, 2017) (dicta noting that "former shareholders are expressly permitted to bring derivative suits," by citing TEX. BUS. ORG. CODE § 21.552 — a nearly identical statute that parallels Section 153.402(a)). However, complicating matters is the fact that these cases rested on a plain reading of statutory text that no longer exists. Before 2019, the rule articulated in *Cohen* was explicit in the statute. *See, e.g., Wesolek*, 914 F. Supp. 2d at 862 n.33. The Texas Legislature has since amended the statute to delete the text which says, "the plaintiff must be a limited partner when the action is brought." Thus, the Court must ascertain whether the deletion of this text either: (1) implicitly authorizes a former limited partner to bring a derivative suit; or (2) merely subtracts superfluous language from the statute.

"[W]hen there is ambiguity in the terms of a statute, [courts] have found it appropriate to look to other evidence of 'congressional intent,' including legislative history." *Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1776 (2020) (Alito, J., dissenting). Texas courts "presume that deletions are intentional and that lawmakers enact statutes with complete knowledge of existing law." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). "But redundancies are common in statutory drafting — sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication." *Barton v. Barr*, 140 S. Ct. 1442, 1453 (2020). Thus, deletion of statutory text may be for no other reason than to reduce repetitive or

otherwise superfluous language and generally improve the language of the statute. *See, e.g., Design Kitchen & Baths v. Lagos*, 388 Md. 718, 732 (Md. 2005) (citing legislative report explaining the purpose of revisions).

Here, Defendants' interpretation of the statute is supported by the plain text. Although the explicit requirement that "the plaintiff must be a limited partner when the action is brought" is no longer in the statute, this requirement is implicit in the requirement that the individual bringing the suit be "a limited partner."[2] TEX. BUS. ORGS. CODE § 153.402(a). It is undisputed that Plaintiff is *not* a limited partner and was not when this suit was commenced. The Court's reading is further bolstered by Section 153.402(a)(2), which requires that the limited partner "fairly and adequately represents the interests of the limited partnership in enforcing the right of the limited partnership." *See Aleman v. Tex. Med. Bd.*, 573 S.W.3d 796, 802 (Tex. 2019) (courts should "consider the context and framework of the entire statute" and construe it as a whole). It is perhaps difficult to reconcile how a *former* limited partner could fairly and adequately represent the interests of a limited partnership in a derivative suit. *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 255 (Tex. App.—Dallas 2005, no pet.), *overruled on other grounds by Pike*, 610 S.W.3d (holding that because causes of action "belong to the partnership, not to its partners," plaintiffs who sold their interest in the partnership lack capacity). In any case, Plaintiff makes no effort to satisfy this requirement. For that reason, Plaintiff lacks capacity even if his interpretation of Section 153.402(a)(1) were correct. And to the extent the statute is ambiguous, the Court's conclusion is also supported by the legislative history.[3] *See* Act of May 19, 2019, 86th Leg., R.S.,

---

[2] For similar reasons, Plaintiff's request for receivership fails. Section 11.404 of the Texas Business Organizations Code authorizes a court having jurisdiction over a domestic entity to "appoint a receiver for the entity's property and business" only where the action is brought by "an owner or member" or "a creditor" of the domestic entity. TEX. BUS. ORG. CODE § 11.404(a). Plaintiff is none of the above.

[3] The Court reviews the legislative history as mere evidence of the ordinary public meaning of the current statutory language. *See generally* A. SCALIA, A MATTER OF INTERPRETATION 17 (1997) ("It is the *law* that governs, not the intent of the lawgiver . . . Men may intend what they will; but it is only the laws that they enact which bind us.").

ch. 899 (H.B. 3603), § 26, sec. 153.402 (codified at Tex. Bus. Code § 153.402(a)) (subsection (a) prohibits "a limited partner" from instituting or maintaining a derivative proceeding "unless certain conditions are met."). The Legislature's deletion of the text was likely only meant to subtract superfluous language from the statute. The Court is aware of no evidence to the contrary.

2. "Fraud on the community"

Plaintiff's next argument is that "the capacity element is fulfilled by the former ownership of property which has been disposed in a divorce" — *i.e.*, a breach of fiduciary action may be asserted where there is "fraud on the community." ECF No. 12 at 3–4. Under Texas law, if a spouse disposes of community property in fraud of the other spouse's rights, "the aggrieved spouse has a right of recourse first against the property or estate of the disposing spouse; and, if that proves to be of no avail, then the aggrieved spouse may pursue the proceeds to the extent of [his] community interest into the hands of the party to whom the funds have been conveyed." *Barnett*, 2014 WL 6805529, at *3 (internal marks omitted). Plaintiff argues this cause of action "by its very nature, requires the underlying asset to be retained by the former spouse or some other partner; there could be no fraud on the community estate or the ex-spouse if that spouse retained the assets that he was entitled to." ECF No. 12 at 4.

Defendants argue the "best reply" to this argument is contained in the Final Orders entered in the divorce proceeding. ECF No. 13 at 3. There, for example, the court "received no evidence" to counter Jacque's testimony that "she was not contemplating divorce" at the time the changes to the partnership agreement were made. ECF No. 8 at 4. Plaintiff "was aware of the need to make changes to the operating agreement" and made suggestions to Jacque and Defendants. *Id.* Defendants "apparently rejected those suggestions and drafted their own changes." *Id.* But the court found that the changes "updated the agreement to reflect current practices" and "changed the

priority of how debts and distributions were to be paid." *Id.* Additionally, the entire marital interest in the business was awarded to Jacque "[b]y agreement of the parties." *Id.* at 5.

Defendants' argument is well-taken. At the same time, the Court must accept all well-pleaded facts as true and view them in the light most favorable to Plaintiff. *See Barnett*, 2014 WL 6805529, at *1. The Court thus declines to treat the Final Orders in the divorce proceeding as dispositive for Plaintiff's allegations of fraudulent conduct. However, Plaintiff's argument suffers a more basic flaw. As Defendants explain, "[i]t is Jacque Bierschenk, and not Defendants, who now own Plaintiff's former limited partnership interest." ECF No. 13 at 3. "So far as the [C]ourt can determine from Texas law, [Plaintiff] can only recover against [Defendants] if [he] first establishes that recourse against [Jacque's] property or estate would be of no avail." *Barnett*, 2014 WL 6805529, at 3 (internal marks omitted). In *Barnett*, the plaintiff's brief explained why she was not required to seek contribution from her late husband's estate. *Id.* But her complaint did not "plead factual content that allow[ed] the court to draw the reasonable inference that seeking recourse against [her late husband's] property or estate would be of no avail." *Id.* The same is true here, except Plaintiff does not even attempt to explain why recourse against Jacque's property would be of no avail. Thus — even if the Court disregards the divorce court's findings and accepts Plaintiff's pleadings as true — Plaintiff cannot pursue this cause of action. Nor can Plaintiff rely on this cause of action to cure his lack of capacity to bring a derivative suit on behalf of a limited partnership that he is not a part of — a proposition left unexplained.

Plaintiff avers that Defendants' capacity argument posits that a remedy only exists for Defendants' wrongful conduct "for a vanishingly small period of time." ECF No. 12 at 4. Because their alleged conduct took place "immediately" before the divorce proceedings, "the only time [Plaintiff] could bring any legal complaint would be the time between the partnership

agreement was altered and when the Bierschenk divorce was finalized." *Id.* The Court is unpersuaded by this argument. To begin, the changes were made in March 2020, and Jacque Bierschenk filed for divorce in June. ECF No. 8 at 4. Thus, Plaintiff had at least all of March and April to challenge the changes while he was still a limited partner. While the Court agrees this is a relatively short time, this fact does not convince the Court that the Texas Legislature had no intent to exclude former limited partners from bringing derivative suits. *See, e.g., Jaskolski v. Daniels*, 427 F.3d 456, 462 (7th Cir. 2005) (Easterbrook, J.) ("What Daniels labels 'absurd' results are nothing but the rough cuts inevitable with decision by rule."). Nor does the shortness of Plaintiff's window save his "fraud on the community" theory of capacity.

   3. "Involuntary" destruction of limited partner status

Plaintiff acknowledges that under Texas law, a derivative action cannot be maintained where shareholder status has been voluntarily disposed of. ECF No. 12 at 4. However, Plaintiff argues "this rule has never applied to *involuntary* disposals of shareholder status." *Id.* (citing *Somers ex rel. EGL, Inc. v. Crane*, 295 S.W.3d 5, 14 (Tex. App.—Houston 2009, pet. denied)). Under this theory, Plaintiff avers that "an award of a partnership interest in a contested divorce can hardly be characterized as 'voluntary.'" *Id.* The Court disagrees because the award of the marital interest in the business was agreed to by Plaintiff and Jacque. ECF No. 8 at 5. But even if that were not the case, Plaintiff's argument still fails. As the *Somers* court explained:

> If a shareholder voluntarily disposes of his shares after instituting a derivative action, he necessarily destroys the technical foundation of his right to maintain the action. If, on the other hand, a shareholder's status is involuntarily destroyed, a court of equity must determine whether the status was destroyed without a valid business purpose; for example, was the action taken merely to defeat the plaintiff's standing to maintain the suit?

*Somers*, 295 S.W.3d at 14 (internal marks omitted). Thus, the first sentence of this passage exposes the fundamental flaw in Plaintiff's claims. And while there is an exception for the involuntary

destruction of shareholder status, this exception contemplates the destruction of that status by other shareholders — not by a judge during divorce proceedings. Otherwise, there would be no need to inquire as to whether the action was done without a "valid business purpose."

It makes no sense to determine whether a *divorce court* "destroyed" Plaintiff's limited partner status without a valid business purpose. Even if this inquiry were aimed at Defendants, Plaintiff likely could not demonstrate there was no valid business purpose for their changes to the agreement. *See* ECF No. 8 at 4 ("The changes updated the agreement to reflect current practices."). In any case, the changes did not destroy Plaintiff's limited partner status. Plaintiff alleges only that the Defendants' changes to the agreement "devalue[d] Plaintiff's interest in the entity and increase[d] their on value in the entity." ECF No. 1 at 5. Therefore, Plaintiff's status as a limited partner was not involuntarily destroyed.

## CONCLUSION

Because Plaintiff lacks capacity to bring this action, the Court **GRANTS** the Motion.

**SO ORDERED.**

January 17, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE